UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATHOLIC CHARITIES OF WASHINGTON
924 G Street NW
Washington, DC 20001

Plaintiff

v.                                                            Civil Action No.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY
Office of the General Counsel
20 Massachusetts Avenue, NW
Washington DC 20528

Defendant

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1. In this FOIA case, Plaintiff seeks materials used by defendant to train asylum officers, concerning female genital mutilation. Plaintiff made a FOIA request over six months ago; the Defendant has furnished nothing in response. *See* Exhibits 1 and 2, attached hereto.

2. Defendant agency, the Department of Homeland Security, "DHS," currently is publishing on its website hundreds of pages of materials it uses to train asylum officers. For example, in February 2017, it published a 49-page lesson plan on "credible fear" and a 51-page lesson plan on "reasonable fear." But it does not publish what plaintiff seeks. The DHS published an announcement about female genital mutilation in January 2017: it said that FGM "is a serious human rights abuse, gender-based violence, and, when done to children, a form of child abuse." *See* Exhibit 3.

3. The DHS is currently publishing on its website materials dated March 29, 2013,

concerning female genital mutilation.  At public meetings, DHS officials acknowledged that those materials are out-of-date and are not to be relied upon. The DHS admitted those materials have been replaced by newer materials. When asked "Why don't you take down the out-of-date material? and "Why don't you publish the newer material?" the DHS said "Make a FOIA request." Plaintiff made a FOIA request. The DHS still does not respond. The out-of-date materials are still, as of the date of filing of this complaint, on-line for the public to read, and by misled by. *See* Exhibit 4.  The DHS is confusing the public, and keeping secrets.

## JURISDICTION

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a) (4) (B) and 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and other necessary relief pursuant to 28 U.S.C. § 2201-02.

## VENUE

5. Venue is appropriate under 5 U.S.C. § 552(a) (4) (B), and 28 U.S.C. § 1391, because defendant is located in the District of Columbia.

## PARTIES

6.  Plaintiff Catholic Charities is an organization in Washington DC which assists asylum applicants and other immigrants.  Plaintiff has made FOIA requests in the past for materials relating to immigrants, and will continue to do so in the future.

6a. Plaintiff Catholic Charities is a religious organization that helps asylum applicants. Catholic Charities is the social ministry outreach of the Archdiocese of Washington. It seeks to serve the poor and most vulnerable.

6b. Catholic Charities conducts trainings and seminars for lawyers representing asylum

applicants, and assists other organizations, such as the American Immigration Lawyers Association, in their trainings. Lawyers at Catholic Charities speak at conferences and write articles for other lawyers and the public.

6c. Catholic Charities wants to monitor and examine the work of asylum officers, to ensure that all asylum applicants obtain justice, to ensure that the officers are doing their job properly, that their training and internal quality control mechanisms are sufficient. Catholic Charities wants to assist Congress and the advocacy community in the implementation and improvement of the asylum system; it wants to increase public awareness and to facilitate public oversight of the asylum system; and it wants to preserve the integrity of immigration court and asylum office proceedings.

6d. Catholic Charities is being injured by the above policies, practices, and acts of the defendant. Its ability to effectuate its above-stated goals is being adversely affected. It relies heavily and frequently on FOIA to conduct work that is essential to the performance of certain of their primary institutional activities. The acts of defendant hinder and prejudice this plaintiff in achieving its goals.

7. Defendant United States Department of Homeland Security ("DHS") is an agency within the meaning of 5 U.S.C. § 552(e) and 701(b) (1), and is in possession and/or control of the records requested by Plaintiff.

## FIRST CAUSE OF ACTION

8. Plaintiff repeats, alleges, and incorporates the allegations contained in all paragraphs set forth above.

9. Catholic Charities made a FOIA request for materials concerning "asylum and female genital mutilation in August 2016. *See* Exhibit 1, attached hereto. The DHS acknowledged that request, via a letter dated September 1, 2016. *See* Exhibit 2 attached hereto.

10. The DHS did not make a determination concerning the request within 20 working days, nor within 30 working days.

11. Plaintiff has the legal right under FOIA to obtain the materials, and no legal basis exists for defendant's failure to provide such portions.

12. Defendant has violated the FOIA, 5 U.S.C. § 552 in the several ways as indicated above.

13. Plaintiff has exhausted all administrative remedies.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, plaintiff prays that judgment be entered in its favor as to its FOIA request;

And: plaintiff prays that the Court:

a) Order defendant to disclose the materials forthwith;
b) Declare that defendant's failure to provide such materials violates FOIA;
e) Order defendant to not publish on its website out of date materials, and to publish the requested materials on its website;
g) Enjoin defendant from publishing out of date materials in the future;
h) Award plaintiff reasonable attorney fees and costs pursuant to 5 U.S. C. §552(a) (4) (E) and 28 U.S.C. § 2412; and
i) Grant all other such relief to plaintiffs as the Court deems proper and equitable.

Respectfully submitted,

Attorney for Plaintiff

David L. Cleveland
DC Bar # 424209
924 G Street, NW
Washington, DC 20001
[202] 772-4345 Fax: [202] 386-7032
1949.david@gmail.com